IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>GORDON SANDERS,<br><br>    Defendant. | Case No. 3:17-cr-00040-SLG |

### ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 64 is defendant Gordon Sanders' Amended Motion and Memorandum for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). The government responded in opposition at Docket 66. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 68.

On October 13, 2017, this Court sentenced Mr. Sanders to 60 months imprisonment after he pleaded guilty to one count of Sexual Exploitation of a Child—Possession of Child Pornography.[1] Mr. Sanders is currently in Bureau of Prisons (BOP) custody and incarcerated at Terminal Island FCI; his projected release date is January 11, 2022.[2] In light of the COVID-19 pandemic, Mr. Sanders

---

[1] Docket 37 (Judgment); Docket 44 (Amended Judgment).

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Mar. 11, 2021).

seeks an order reducing his sentence to time served and releasing him to home detention.[3]

## I. Applicable law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[4] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[6] Mr. Sanders and the government agree that he requested

---

[3] Docket 64 at 2, 3.

[4] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[5] 18 U.S.C. § 3582(c).

[6] 18 U.S.C. § 3582(c)(1)(A).

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 2 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 2 of 8

compassionate release in September 2020, and the warden denied that request.[7] Mr. Sanders has exhausted his administrative rights and the Court will consider the motion on its merits.

## III. Extraordinary and compelling reasons

Mr. Sanders, who is currently 52 years old, submits that his "history of heart failure, sinusitis, brain aneurysm, congenital venous disease and resulting immunosuppression as a result of treatment, and a calcified left carotid artery in need of surgery" are extraordinary and compelling reasons that warrant his release from custody.[8] He also asserts that because of his "medical vulnerabilities to COVID-19, he cannot exercise self-care in a correctional setting in the midst of the pandemic."[9]

The Court has reviewed 141 pages of Mr. Sanders' medical records from 2020 and 2021.[10] Those records confirm that Mr. Sanders has been diagnosed with hypertension and has a brain aneurism that is being monitored.[11] The Centers for Disease Control and Prevention indicate that people with hypertension "might be at an increased risk for severe illness" from COVID-19.[12] However, the medical

---

[7] Docket 64 at 3; Docket 66 at 4; Docket 66–1, 66-2.

[8] Docket 64 at 1–2; *accord* Docket 64 at 15.

[9] Docket 64 at 11.

[10] Docket 67-2 (under seal). The majority of Mr. Sanders' medical records relate to joint pain, arthritis and dental care.

[11] Docket 67-2 at 4, 10.

[12] CDC, *People with Certain Medical Conditions*, available at www.cdc.gov/coronavirus/2019-

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 3 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 3 of 8

records demonstrate that Mr. Sanders has had access to medical care; that BOP medical staff are monitoring his health, including a visit with a cardiologist in September 2020;[13] and the BOP has prescribed Mr. Sanders with medication for hypertension.[14]

Mr. Sanders also contends that the BOP has not effectively controlled COVID-19 in its facilities and "he cannot exercise self-care in a correctional setting in the midst of the pandemic" and cannot "protect himself from exposure to" COVID-19 and therefore he meets the requirements of U.S.S.G. policy statement § 1B1.13.[15] However, as of the date of this order, Terminal Island FCI reports zero inmates and five staff with active cases of COVID-19 and has fully vaccinated approximately 19% of its inmate population.[16] Most notably, Mr. Sanders was offered the Pfizer COVID-19 vaccine in late December 2020 but declined to be vaccinated.[17]

---

ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Mar. 11, 2021).

[13] Docket 67-2 at 4, 6, 7.

[14] Docket 67-2 at 5, 18.

[15] Docket 64 at 11–16.

[16] Terminal Island FCI houses 662 inmates and has vaccinated 125 inmates. Fed. Bureau of Prisons, *COVID-19: Coronavirus* (www.bop.gov/coronavirus/) (last accessed Mar. 11, 2021); Fed. Bureau of Prisons, *FCI Terminal Island* (www.bop.gov/locations/institutions/trm/) (last accessed Mar. 11, 2021).

[17] Docket 67-2 at 65, 128.

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 4 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 4 of 8

The Court finds that Mr. Sanders has not shown "extraordinary and compelling" reasons that would justify a reduction in sentence at this time.[18]

## IV. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic.[19] Mr. Sanders asserts that the COVID-19 pandemic is an "overriding factor under § 3553(a) that was not present at the time of sentencing."[20] Mr. Sanders also contends that his potential exposure to COVID-19 while in BOP custody violates the Eighth Amendment.[21]

Mr. Sanders' reference to the Eighth Amendment's prohibition of cruel and unusual punishment cites to several cases.[22] The Court has reviewed those cases and finds that they do not support the Eighth Amendment claim. An Eighth

---

[18] The relevant policy statement, U.S.S.G. § 1B1.13, sorts extraordinary and compelling reasons into four categories: (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, and (4) other reasons as determined by the director of the BOP that amount to extraordinary and compelling reasons, other than or in combination with the previous three categories. Whether the policy statement is binding or merely provides guidance to courts is a matter of disagreement among district courts. However, the Court need not determine whether § 1B1.13 is binding or advisory because it would reach the same conclusion in this case regardless of the application of the policy statement.

[19] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[20] Docket 64 at 17.

[21] Docket 64 at 18.

[22] Docket 64 at 18 (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995); and *Brown v. Mitchell*, 327 F. Supp. 2d 615 (E.D. Va. 2004)).

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 5 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 5 of 8

Amendment claim such as Mr. Sanders' requires a showing that the BOP is acting with "deliberate indifference to serious medical needs of prisoners" and "ignoring the possible dangers posed by exposure to" COVID-19.[23] Mr. Sanders' motion and exhibits do not demonstrate that the BOP is ignoring the dangers presented by COVID-19 or acting with deliberate indifference.

The Court also finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case. The crime of conviction involved Mr. Sanders possessing hundreds of images and videos that depicted child sexual exploitation, including images of prepubescent children and sadistic, masochistic, or violent sexual conduct.[24] The Court has considered and weighed that Mr. Sanders has no prior criminal history, has no BOP disciplinary history, has been employed while in BOP custody, is nearing the end of his sentence, and has an approved release plan.[25] However, Mr. Sanders has acknowledged a "lifetime addiction" to pornography that led to his interest in child pornography, and that he needed treatment to assist him in addressing this addiction.[26] Mr. Sanders has not presented information showing that he has engaged in any type of sex offender treatment or other mental health treatment while in BOP custody.

---

[23] *Helling*, 509 U.S. at 32, 36–37; *accord Wallis*, 70 F.3d at 1076–77.

[24] Docket 25 at 10–11 (under seal).

[25] Docket 68 (under seal).

[26] Docket 25 at 1, 10.

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 6 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 6 of 8

The Probation Officer who completed the Compassionate Release Investigation in this case recommended denying Mr. Sanders' request for a reduction in sentence because "a sentence reduction would not satisfy the sentencing goals in this case," particularly the goals of "deterrence and protection of the public."[27] The Court agrees and finds that reduction of Mr. Sanders' sentence would not reflect the nature and circumstances of the offense, the history and characteristics of Mr. Sanders, or the seriousness of the offense; would not promote respect for the law, would not afford adequate deterrence, would not protect the public, and would not provide just punishment.[28] Moreover, based on the nature of the criminal conduct in this case and the lack of any treatment, the Court cannot conclude that Mr. Sanders is not a danger to the safety of others or to the community at this time.[29]

---

[27] Docket 68 at 2.

[28] 18 U.S.C. § 3553(a)(2).

[29] The policy statement of the Sentencing Commission for a reduction in sentence under § 3582(c)(1)(A) requires a determination that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. There is significant disagreement among district courts as to the applicability and binding nature of the policy statement. Here, however, the Court would reach the same conclusion regardless of whether that policy statement is binding. The Court considers the risk Mr. Sanders presents to the community both in light of the policy statement and in light of the § 3553(a)(2)(C) consideration of "the need for the sentence imposed to protect the public from further crimes of the defendant."

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 7 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 7 of 8

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 64 is DENIED.

DATED this 13th day of March, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case Nos. 3:17-cr-00040-SLG, *United States v. Sanders*
Order Re Amended Motion for Compassionate Release
Page 8 of 8
Case 3:17-cr-00040-SLG   Document 70   Filed 03/15/21   Page 8 of 8